Submitted September 3, convictions on Counts 1 and 2 reversed; remanded for resentencing; otherwise affirmed October 6, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMANTHA JO VAN NOSTERN,
*Defendant-Appellant.*

Umatilla County Circuit Court
CFH080127; A142502

240 P3d 752

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for delivery of methamphetamine (Count 1), ORS 475.890(2), and possession of methamphetamine (Count 2), ORS 475.894.[1] A discussion of the facts would not benefit the bench, the bar, or the public. On appeal, defendant assigns error to the trial court's denial of her motion for judgment of acquittal (MJOA) on Counts 1 and 2, contending that "the state failed to offer any evidence that defendant constructively possessed the methamphetamine—that is, that she had the right to exercise control over it"—because "the vehicle [that defendant was driving] did not belong to [her] and she had only been driving it for a few minutes." The state concedes that, in the totality of the circumstances of this case, "the evidence was insufficient to establish that defendant possessed methamphetamine that police discovered in the center console of a car that she was driving but did not own." As the predicate for that concession, the state cites *State v. Casey*, 346 Or 54, 62-63, 203 P3d 202 (2009), in which the court reasoned that mere proximity to contraband, "for a brief period of time and, without more, is not sufficient to establish constructive possession."

We agree with the state that, in the circumstances presented here, the trial court erred in denying the MJOA and accept the state's concession. Accordingly, we reverse defendant's convictions on Counts 1 and 2 and remand for resentencing, which obviates the need to address her remaining assignment of error concerning the exclusion of evidence.

Convictions on Counts 1 and 2 reversed; remanded for resentencing; otherwise affirmed.

---

[1] Defendant was also convicted of failure to carry or present a driver's license. ORS 807.570. On appeal, defendant does not challenge that conviction.